and the withdrawal of that conclusion from the decree would in our opinion leave it without a basis. *Peeler v. Levy,* 26 N. J. Eq. 330; *Eastman v. Reid,* 101 Ala. 320; *Stevenson v. Buxton,* 37 Barb. (N. Y.) 13; *Lewis v. Yale,* 4 Fla. 418, p. 437; *Iszard v. May's Landing Water-Power Co.,* 31 N. J. Eq. 511; *Milkman v. Ordway,* 106 Mass. 232, p. 256; *Durell v. Pritchard,* 1 Ch. App. Cas.; The Law Reports vol. 1, 1865 and 1866, XXIX and XXX Victoria.

In accordance with these views, we reverse the decree and remand the cause to the Circuit Court for proceedings not inconsistent with this opinion.

As to whether the complainants can recover damages at law, or may have their case transferred to the law side of the court, under section 40 of the Practice Act, we express no opinion. This bill and the decree upon it cannot be sustained.

*Reversed and remanded for proceedings not inconsistent with this opinion.*

---

## Fred D. Davis, Appellee, v. The Stevens-Davis Company, Appellant.

### Gen. No. 20,262. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed April 26, 1915.

### Statement of the Case.

Action by Fred D. Davis against The Stevens-Davis Company in the Municipal Court of Chicago. Trial before the court without a jury. The plaintiff was a stockholder in the defendant corporation and also had a contract with it to solicit advertising contracts for which he was to receive a commission. He worked

for the Company under this contract from May 1, 1912, to September 11, 1912. The plaintiff filed an amended petition for commissions earned from and subsequent to May 1, 1912, due under an agreement to pay him twenty per cent. commissions on all work secured by him, setting out a list of twelve contracts. He also declared that the Company owed him an additional sum for dividends duly declared on his holdings of capital stock. Defendant filed the affidavit of its president to the merits and a set-off. Judgment for the plaintiff for $921.17. Defendant brings error, the plaintiff alleges cross-error on the disallowance of his claim for dividends.

MATHER & HUTSON, for appellant; WILLIAM A. SHEEHAN, of counsel.

JONAS & HESS, for appellees.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

## Abstract of the Decision.

1. CORPORATIONS, § 163*—*when stockholder not entitled to recover undivided profits.* A stockholder cannot maintain an action at law against a corporation to recover undivided profits. A dividend must first be declared.

2. CORPORATIONS, § 261*—*when corporation not estopped as against director.* Credits placed upon the books of a corporation at the direction of a director cannot, in an action by the director based thereon, operate as an estoppel against the corporation where the evidence fails to show affirmance or consent thereto by the other directors.

3. ACTION, § 68*—*when unmatured claims may be inserted by amendment.* Under proper pleadings and amendments items of the same nature as those originally sued for which mature between the commencement of the suit and the trial may be brought in.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.